In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00083-CR


______________________________




LARRY RAY GILL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 182nd Judicial District Court


Harris County, Texas


Trial Court No. 881344




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 After a jury trial, Larry Ray Gill was convicted of assault on a family member. Tex.
Pen. Code Ann. § 22.01(b)(2) (Vernon 2003). The victim was Tracy, Gill's wife. Because
this was Gill's second conviction for family violence, the offense was enhanced to a third
degree felony, and the trial court sentenced Gill to five years' confinement. On appeal, Gill
brings the following contentions: (1) the trial court erred by not hearing live testimony at
the hearing on the motion for new trial; and (2) Gill was provided ineffective assistance of
counsel. 

 On September 9, 2000, at approximately 8:00 p.m., Nicole Edwards went to pick up
her sister Tracy at Tracy's home. At the time, Tracy was married to Gill. On arrival, Nicole
saw Tracy and her husband embroiled in an argument. During the course of the argument,
Nicole saw Gill put his hands on Tracy's upper chest and neck and push her over a sofa. 
At Tracy's request, Nicole called the police. Gill, however, left the residence before the
police arrived.

 At trial, the jury heard the following testimony concerning the night in question. 
Officer Kevin Williams, who investigated the incident, testified that Tracy told him Gill had
grabbed her around the neck and hit her in the face. In addition, Tracy's sister Rosalyn
German, who was also present at the scene, testified that Tracy told her Gill had hit her
in the face with his fist. Rosalyn also testified that Tracy had visible marks and bruises on
her face from being hit by Gill. Officer Williams took a photograph of Tracy showing the
marks and bruises, which was introduced into evidence. Based on the above evidence,
the jury found Gill guilty of assault on a family member. Gill brings this appeal.

 In his first point, Gill contends he was denied due process because the trial court
conducted the hearing on the motion for new trial by affidavit instead of live testimony. In
order to preserve error for appellate review, an appellant must make a timely objection,
state the grounds for the objection, and secure a ruling on the record from the trial court. 
Tex. R. App. P. 33.1. Gill did not object to the trial court's decision not to hear oral
testimony at the hearing on the motion for new trial. As a result, he has presented nothing
for appellate review. Moreover, at a hearing on a motion for new trial, the trial court may
receive evidence by affidavit or otherwise. Tex. R. App. P. 21.7; Morse v. State, 29 S.W.3d
640, 641 (Tex. App.-Beaumont 2000, no pet.); Scaggs v. State, 18 S.W.3d 277, 281 (Tex.
App.-Austin 2000, pet. ref'd).

 In his second point, Gill contends he was provided ineffective assistance of counsel. 
The standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, an appellant must prove
by a preponderance of the evidence (1) that his counsel's representation fell below an
objective standard of reasonableness, and (2) that his counsel's deficient performance
prejudiced his defense. Id.; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000);
Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). Under this standard, the
appellant must prove that counsel's representation so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a just
result. Strickland v. Washington, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential, with a strong
presumption that counsel's conduct fell within a wide range of reasonable representation. 
Id. at 689. We will not second-guess through hindsight the strategy of counsel at trial, nor
will the fact that another attorney, including the attorney on appeal, might have pursued a
different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979); Harner v. State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999,
no pet.). Any allegation of ineffectiveness must be firmly founded in the record. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Consequently, the Texas Court of
Criminal Appeals has held that, often on direct appeal, the record has not been sufficiently
developed to enable an appellate court to adequately determine whether the appellant was
provided ineffective assistance of counsel. Id. at 814-15. (1) 

 In the absence of direct evidence of counsel's strategic reasons for challenged
conduct, we must presume counsel had a valid strategic motivation if one can be imagined. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We will not conclude that the
challenged conduct constitutes deficient performance unless the conduct was so egregious
that no competent attorney would have engaged in it. Id.; see Thompson v. State,
9 S.W.3d at 814.

 Gill contends his trial counsel was ineffective because he (1) did not file a sworn
motion for community supervision or a written election for the jury to assess punishment,
(2) failed to object to improper questions during voir dire, (3) failed to object to the
introduction of hearsay testimony, (4) failed to object to evidence of a previous conviction,
(5) failed to move for an instructed verdict of not guilty, (6) failed to object to the
introduction of extraneous offenses, and (7) failed to properly investigate the case and
arrange for the appearance of certain witnesses who had knowledge of exculpatory facts.

 First, Gill contends his counsel rendered ineffective assistance because he did not
elect to have the jury assess punishment and he failed to file a sworn motion for
community supervision. This contention was a basis for Gill's motion for new trial. In his
response to that motion, Gill's trial attorney filed an affidavit setting forth the reasons for
his actions in this regard. In that affidavit, Gill's attorney stated he and Gill discussed the
possibility of having the jury assess punishment, and they recognized the possibility that
the jury might impose a harsher punishment than the court would if the court set the
punishment. Therefore, counsel's decision to not elect jury punishment was a strategic
decision intended to secure a lighter penalty should Gill be found guilty. Moreover,
because the strategic decision was to have the court assess punishment, there was no
need to file a sworn motion for community supervision, because the trial court has the
option of imposing community supervision in the absence of a sworn motion, unlike a jury,
where a sworn motion must have been filed in order to recommend community supervision.
See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 4 (Vernon Supp. 2003). Although
another attorney might have pursued a different course than this, we may not second-guess trial counsel's strategy. See Blott v. State, 588 S.W.2d at 592. Thus, Gill has failed
to show ineffective assistance in this regard.

 Second, Gill contends he was provided ineffective assistance of counsel because
his trial attorney failed to object on two separate occasions during voir dire. In the first
instance, Gill complains of the following exchange: 

 [Prosecutor]: . . . [I]f the defendant were to make a claim of self-defense in this case two things have to happen for . . . y'all to find him not
guilty. No. 1, he has to admit he hit her or he did it. He has to admit he
caused bodily injury, that's step No. 1. Step No. 2, he needs to show that it
was a reasonable response, that it was reasonable under the circumstances
and he only used force necessary to protect himself from further violence. 
That's really the only defense to an assault. 


 So, does anybody have a questions [sic] about that?


 . . . .


 [Venireperson Huynh]: How about protecting somebody else or
protecting a third party? 


 [Prosecutor]: There's one other exception you can use too, for
defending property under very specific circumstances. I don't think that's
going to be an issue in this case, but - so that's the only other defense.


(Emphasis added.) Gill contends that, because his counsel did not object to this
statement, he did not provide effective assistance. We disagree. In the absence of direct
evidence of counsel's motivation for not objecting, we will assume a valid strategic
motivation if any can be imagined. Garcia v. State, 57 S.W.3d at 440. Defense counsel
obviously knew his main defense was going to be that Gill did not assault his wife at all. 
Because the only defense Gill raised was that he did not commit the act, the statements
of the prosecutor were clearly harmless, and counsel had no need to object. 

 Gill also argues that counsel's failure to object to the following constituted ineffective
assistance of counsel: 

 A lot of the elements that we have been talking about, you know,
nowhere on there does it say, and the victim wants the defendant
prosecuted, and nowhere does it say, and the victim wants the defendant to
go to jail. Nowhere does it say that. I am not required to prove to you that
she wants him to be punished or prosecuted in any way. And based on
everything that we have been talking about, she may have various reasons
for wanting to not prosecute this case. 


 The big question now: Do any of you think that if she doesn't want us
to prosecute the case we should automatically drop charges and dismiss it? 
I need you to be honest.

(Emphasis added.) Gill contends the above question was an improper commitment
question. See Standefer v. State, 59 S.W.3d 177, 179-80 (Tex. Crim. App. 2001). We
disagree. The prosecutor was simply trying to ascertain whether any of the panelists would
arbitrarily honor the victim's wishes if she chose not to press charges against Gill. Such
an inquiry was not objectionable, and counsel's decision not to object was not ineffective
assistance.

 Third, Gill contends he was provided ineffective assistance of counsel because his
trial attorney failed to object to the introduction of hearsay testimony. Specifically, Gill
complains of the following testimony:

 [Prosecutor]: When she was talking to you, did she still seem to be
under the stress of the event? 


 [Witness]: She was still upset, still crying. 


 [Prosecutor]: Okay. 


 And about how long after the incident did you see her? If the
incident happened at say 8:00 o'clock, how long afterwards did you see her?


 [Witness]: Maybe an hour and a half. 


 [Prosecutor]: Judge, at this time we believe we have laid the
predicate for excited utterance to the hearsay rule.


 [Court]: Okay. 

Gill argues that counsel's failure to object to the prosecution's predicate questions was
ineffective assistance. We note that Gill's counsel did object when the prosecution actually
sought to introduce the harmful testimony. (2) Gill has thus failed to show that his counsel's
course of conduct amounted to ineffective assistance of counsel. 

 Fourth, Gill contends he was provided ineffective assistance of counsel because his
trial attorney failed to object to evidence of a previous conviction. Before we address Gill's
contention, a brief review of the evidence is necessary. At trial, the State introduced
State's Exhibit number 5, a record of Gill's previous conviction for family violence in 1996. 
A portion of the exhibit contains places to indicate whether the previous conviction involved
the use of a deadly weapon, family violence, or a hate crime. Next to each of those
characterizations is a place to circle "Yes," "No," or "N/A." It appears the document was
originally circled "Yes" for the deadly weapon and "N/A" for family violence, but those were
crossed out and initialed by some person. The form had then been marked over to show
"N/A" for deadly weapon and "Yes" for family violence. 

 Gill contends his trial counsel was ineffective because he did not require the State
to produce testimony from the individual whose initials appear on the exhibit to prove the
authenticity of the alterations. This irregularity is immaterial, however. Gill never disputed
the authenticity of the record or the fact of his conviction. In fact, he took the stand and
voluntarily testified that he had been so convicted. 

 Fifth, Gill contends his trial attorney provided ineffective assistance of counsel
because he did not move for an instructed verdict at the close of the State's case-in-chief. 
The State presented more than a scintilla of evidence in its case-in-chief that would have
supported a guilty verdict. (3) See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex.
1993). Consequently, defense counsel had no ground on which to move for an instructed
verdict, and his failure to do so did not render his assistance ineffective. 

 Sixth, Gill contends his trial counsel provided ineffective assistance because he
failed to object to the introduction of a restraining order that Tracy obtained against Gill in
January of 2001. During Gill's case-in-chief, Tracy testified that Gill did not hit her on the
night in question. In an attempt to discredit Tracy's testimony, the State introduced a
request for a restraining order against Gill that Tracy made approximately five months after
the night in question. The State also introduced Tracy's affidavit in support of her request
for a restraining order, in which she stated under oath that Gill hit her in the face on the
night in question. See Tex. R. Evid. 613. In light of this evidence introduced to impeach
Tracy's testimony that Gill did not assault her on the night in question, defense counsel had
no valid ground to object. Moreover, counsel may have wanted all the circumstances to
come out in the evidence so the jury could know he was being open and honest with them. 
We find no ineffective assistance here.

 In Gill's final assertion of ineffective assistance of counsel, he contends counsel's 
representation fell below the reasonable standard because he failed to secure the
presence of Wanda Radford, whose testimony would have been beneficial to his defense. 
Radford stated the following in her affidavit filed with the court:

 I had been subpoenaed by the State and at the time of the mistrial last
December, 2001, I had informed the DA handling the case that I did not see
Mr. Gill strike his wife. Also at this time, I talked to Mr. Gill's attorney, Roy
Rowland, who told me he would be in touch with me before the next trial
date. I never did talk to Mr. Rowland again nor did I receive a subpoena for
the next trial date. If I had testified at Mr. Gill's trial, I would have stated that
at the time of the alleged incident, I lived at 3323 Yellowstone, Apt. 1306,
Houston, Texas 77021 and my apartment was across the driveway from
Mr. Gill's and his wife's, the complainant. On the date of the alleged incident,
Mr. Gill and his wife came over to my apartment where she wanted to use
the phone. At that time, Mr. Gill told his wife that all he wanted to do was talk
to her and they then went back to their apartment together. Again, I never
did see Mr. Gill strike his wife by pushing, shoving or hitting her or in any
other manner.

 

In this instance, Gill has produced evidence of counsel's motivation for not subpoenaing
Radford. In his affidavit, Gill's trial counsel stated the following with respect to Radford: 

 I spoke with the witness Wanda Radford and I informed Mr. Gill that her
testimony was important. Ms. Radford agreed to appear for the trial and and
[sic] I futher [sic] advised Mr. Gill that I would subpoena her, unless they
Mr. and Mrs. Gill felt certain she would appear. It was my understanding that
Ms. Radford was to voluntarily appear. 


 We note, with respect to this point, that Wanda Radford was subpoenaed to be a
witness in this case. She was subpoenaed by the State and directed to attend the trial
beginning on December 3, 2001, and remain there from day to day until discharged by the
court. The court declared a mistrial and reset the case for trial on January 23, 2002. The
defense had a right to rely on the State's subpoena to secure Radford's presence at the
trial. Additionally, however, Gill's counsel swore that he discussed issuing another
subpoena for Radford, but on being assured by Gill and Tracy that Radford would be
present for the trial, he decided there was no need to issue another subpoena. We do not
consider defense counsel's actions in this regard to be below an objective standard of
reasonableness. Moreover, Radford swore that, on the evening in question, she did not
see Gill and Tracy except when they came across the driveway to her (Radford's) house,
and she did not have any opportunity to see whether Gill struck Tracy. Since Radford was
never present at the Gill house when the assault was taking place, her testimony would
have been of little value in any event. We find no ineffective assistance of counsel in this
regard.

 For the reasons stated, we affirm the trial court's judgment.

 

 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: December 16, 2002

Date Decided: June 6, 2003


Publish

1. The general doctrine that forbids an application for writ of habeas corpus after
direct appeal has addressed an issue does not apply in these situations, and the appellant
may resubmit his claim via an application for writ of habeas corpus. Thompson v. State,
9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999); Oldham v. State, 977 S.W.2d 354, 363
(Tex. Crim. App. 1998). This would provide an opportunity to conduct a hearing to
consider the facts, circumstances, and rationale behind counsel's actions at that juncture
of trial. 
2. Immediately after the above line of questioning, the prosecution asked the witness
what the victim told her concerning the night in question. Gill's counsel reasserted his
hearsay objection, and the court overruled the objection. The witness was then allowed
to testify that the victim told her Gill hit her in the face that evening.
3. In its case-in-chief, the State produced testimony from Nicole Edwards, Rosalyn
German, and Officer Williams that Gill had abused Tracy on the night in question.