In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00044-CR
______________________________


CHRISTOPHER DEAN COGGINS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court
Red River County, Texas
Trial Court No. 15947


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            From his jury conviction for misdemeanor driving while intoxicated,


 Christopher Dean
Coggins appeals with two points of error, (1) that he was denied due process because he was not
allowed to take a breathalyzer test and because there was no videotape of his arrest or intake, any one
of which, he says, would have demonstrated to the jury he was not intoxicated and (2) that the
evidence was legally and factually insufficient to support the verdict of guilt. We affirm the
judgment because we find neither point of error meritorious.
1. Coggins Did Not Preserve His Due Process Complaint for Review and Was Not Entitled to a
Breathalyzer Test or a Videotape of His Arrest or Intake

            In the reverse of the typical argument raised on appeal, Coggins first complains because he
was not given a breathalyzer test. He argues that his due-process rights were violated because the
arresting officer did not allow him to take a breathalyzer test—which he argues would have shown
that he was not intoxicated. He also says no videotape was made of his arrest or intake at the jail,
which would have disproved the State's case, and that he was confined in a "detox" tank overnight,
thus preventing him from attempting to obtain an independent test. All of these acts by the State,
he argues, resulted in his inability to prove his innocence, thus denying him the due process of law.



            In order to preserve error for appellate review, an appellant must make a timely complaint
to the trial court by a timely request, objection, or motion, state the grounds for the complaint, and
secure a ruling on the record from the trial court. Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002); Gill v. State, 111 S.W.3d 211, 214 (Tex. App.—Texarkana 2003,
no pet.). Coggins does not point out where he raised this issue with the trial court, and we can find
no such action in the record. Therefore, Coggins has failed to preserve this point for appellate
review.
            Even had he raised it, the point is not meritorious.
            The State's burden was to prove that Coggins was operating his vehicle in a public place
while intoxicated. See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). Intoxication can be proven
in a number of different ways, and the statutes do not require that breath or blood tests be offered or
administered by the State. Section 724.011 of the Texas Transportation Code provides (among other
things) that a driver is deemed to have consented to the taking of a specimen of breath or blood for
analysis to determine alcohol concentration or presence of a controlled substance. See Tex. Transp.
Code Ann. § 724.011 (Vernon 1999). It does not require an officer to allow the person to choose
which method he or she wants to use.


 In fact, Section 724.012(c) provides that the officer is to
decide what specimen is to be taken. Tex. Transp. Code Ann. § 724.012(c) (Vernon Supp.
2004–2005).
            In this case, there is nothing in this record that shows that, at any relevant point, Coggins
attempted to obtain an independent test of his blood or breath. Thus, there is nothing to show that
an agent of the State acted in a fashion that prevented Coggins from pursuing any remedy. All the
record reflects is that Coggins refused a blood test. He has been denied no right under this record.



            We overrule Coggins' first point of error.
 
2. The Evidence Is Legally and Factually Sufficient
            Coggins next contends the evidence is legally and factually insufficient to support his
conviction. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In a factual sufficiency review, the appellate court views all the evidence
in a neutral light and determines whether the evidence supporting the verdict is too weak to support
the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough
that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146
S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim.
App. 2004)).
            According to the testimony of the officer who stopped the car, Coggins rolled through a stop
sign, displayed erratic driving in his speed and in crossing the center line of the road, had bloodshot
eyes, was shaky when he stepped out of the car, could not form a complete sentence when talking,
could not stand still when asked, refused to perform field sobriety tests, refused to submit to a blood
test, and stated that he had been smoking marihuana and had consumed "a couple of beers" earlier
at home, so there was no any sense in him taking any blood test or field sobriety test. The officer
also testified that the interior of the vehicle Coggins was driving smelled like alcohol and marihuana,
and that there were "rolling papers" visible in the front seat. Finally, Officer Groves testified that,
in his opinion, Coggins was intoxicated on a mixture of marihuana and alcohol.
            This evidence is legally sufficient to support the verdict.
            In addition to the evidence set out above, a passenger, Jeffrey Williams, testified that Coggins
had not drunk alcohol or smoked marihuana in the vehicle. Williams also testified that he had been
smoking marihuana and that the front-seat passenger, Trey Madden, had been drinking. Williams
also testified that, although they said something about field sobriety tests, he saw none, and that he
heard Coggins request a breathalyzer test and heard Officer Groves respond that Groves wanted a
blood test done.
            Coggins testified that Madden had been drinking and that both Madden and Williams had
been smoking marihuana. He believed that the officer had concocted the story and that, if a
videotape had been made, it would show his innocence.
            This is a classic situation where the fact-finder was confronted with different versions of the
same event. There is evidence that, if believed, would show guilt, and other evidence that, if
believed, would show innocence. It is the purview of the fact-finder to determine which witnesses
are credible and to attempt to ferret out the truth. The evidence against the verdict is not so strong
as to permit us to determine that the fact-finder could not reasonably find Coggins guilty. We
overrule this contention of error.
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 10, 2005
Date Decided:             March 3, 2005

Publish