COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ROBERT T. WOOSTER, SR.,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00177-CR



Appeal from the


394th Judicial District Court


of Jeff Davis County, Texas 


(TC# 708) 



O P I N I O N


 Robert T. Wooster, Sr. appeals his conviction for the offense of places weapons
prohibited. A jury found him guilty and sentenced him to 5 years' imprisonment. The sentence
was probated for 2 years' with no fine assessed. He now challenges: (1) the trial court's ruling
denying Appellant's motion for an instructed verdict; (2) the legal and factual sufficiency of the
evidence supporting his conviction; and (3) the effectiveness of his counsel's assistance during
trial. We affirm.


 On April 16, 2004, Mr. `Wooster was served with a citation for unpaid taxes on property
he had inherited from his mother. The next day, he was re-issued a corrected citation. On
April 19, Appellant went to the courthouse to inquire about the citation by publication, which
was by then posted on the courthouse bulletin board. He removed the citation off the public
board, and went to the justice of the peace, Fred Granado, seeking explanation regarding the
document. Judge Granado did not suggest that Mr. Wooster was not allowed to remove the
citation, but recommended that he discuss the matter with the district clerk, Sue Blackley, whose
office issued the citation. When Mr. Wooster failed to return the citation to the bulletin board by
the end of the day, Sheriff Steve Bailey obtained a warrant for his arrest.

 On the morning of April 20, 2004, Mr. Wooster entered the district clerk's office in Jeff
Davis County, Texas. He was carrying the citation that he removed from the bulletin board the
previous day. Deputy Sheriff Paul Rush saw Mr. Wooster enter the district clerk's office and
notified Sheriff Bailey that Mr. Wooster was in the district clerk's office. Mr. Wooster had just
left the district clerk's office when the sheriff and his deputy arrived to arrest him for the offense
of tampering with governmental records. After his arrest, Sheriff Bailey found a loaded
Derringer .41 caliber pistol inside Mr. Wooster's pocket.

 Mr. Wooster pled not guilty to the offense of "Places Weapons Prohibited." The jury
found him guilty and assessed punishment at five years' imprisonment, probated.

 In Issue One, Appellant asserts the trial court erred in denying his motion for directed
verdict. In support of his contention, he argues the evidence presented by the State was
insufficient for the jury to find, beyond a reasonable doubt, that he was guilty of the charged
offense. Because Appellant also challenges the legal and factual sufficiency of the evidence in
Issue Two, we will address Issues One and Two together.

Standard of Review

 In reviewing the legal sufficiency of the evidence to support a criminal conviction, we
examine all of the evidence in a light most favorable to the verdict in order to determine whether
any rational trier of fact could find the essential elements of the charged offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560 (1979); Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); Lyon v. State,
885 S.W.2d 506, 516 (Tex.App.--El Paso 1994, pet. ref'd). Sufficiency of the evidence should
be measured by the elements of the offense as defined by the hypothetically correct jury charge
for the case. Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). Our duty is not to
reexamine the evidence, imposing our own judgment as to whether the evidence establishes guilt
beyond a reasonable doubt; we are only to determine if the explicit and implicit findings by the
trier of fact are rational. Lyon, 885 S.W.2d at 516-17. Any inconsistencies in the evidence
should be resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991).

 This standard of review applies equally to both direct and circumstantial evidence cases.
Garcia v. State, 871 S.W.2d 279, 280 (Tex.App.--El Paso 1994, no pet.). The trier of fact, not
the appellate court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref'd). Therefore, the fact-finding results of a criminal jury trial are given great deference. Adelman v. State, 828 S.W.2d
418, 421 (Tex.Crim.App. 1992); Leyva v. State, 840 S.W.2d 757, 759 (Tex.App.--El Paso 1992,
pet. ref'd).

 In reviewing the factual sufficiency of the evidence, this Court reviews all the evidence in
a neutral light, favoring neither side, and determines whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App.
2007). We will set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996). We review the evidence supporting a fact in dispute, comparing it to
evidence tending to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). 
This review should be deferential, with a high level of skepticism about the jury's verdict
required before a reversal can occur. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App.
2007); see Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

Legal Sufficiency

 In determining the legal sufficiency of the evidence and viewing the evidence in the light
most favorable to the verdict, we find that a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. A person commits an offense of carrying a
weapon to a place where it is prohibited if he intentionally, knowingly, or recklessly possesses or
goes with a firearm on the premises of any government court or offices utilized by the court,
unless pursuant to written regulations or written authorization of the court. Tex.Pen.Code Ann.
§ 46.03(a)(3)(Vernon Supp. 2006).

 A person acts recklessly with respect to circumstances surrounding his conduct when he
is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances
exist or the result will occur. The risk must be of such a nature and degree that its disregard
constitutes a gross deviation from the standard of care that an ordinary person would exercise
under all the circumstances as viewed from the actor's standpoint. Tex.Pen.Code Ann.
§ 6.03(c)(Vernon 2003).

 Mr. Wooster argues that there was no evidence based on which the jury could have found
that he had knowingly, intentionally, or recklessly carried a gun inside the district clerk's office. 
Mr. Wooster did not have a written permission to carry a firearm into the clerk's office. 
According to Sheriff Bailey, Mr. Wooster had a loaded gun in his possession while in the district
clerk's office, since there was no opportunity for him to acquire the weapon after leaving the
office and prior to his arrest. Although there was some confusion as to whether Sheriff Bailey
found the gun on Mr. Wooster's person before or after he notified the officer that he had a
weapon on him, there is no dispute that Mr. Wooster had a gun in his pocket. Additionally,
Mr. Wooster explicitly stated that he had a gun while speaking with Sue Blackley inside the
district clerk's office. He intentionally put the loaded gun in his pocket preceding the incident
when he intended to take it to a friend, Mr. Bergmann, regardless whether he did it a day or two
prior to entering the district clerk's office. Mr. Wooster also stated that he purposely wore the
same pair of pants for several days. He specifically stated the he was on the way to see 
Mr. Bergmann to show him the pistol when he decided to stop at the district clerk's office on the
morning of April 20.

 Sheriff Bailey testified that in his experience of being a peace officer for over a twenty-year period and the history of handling firearms, it was unlikely that the person could carry the
pistol, such as .41 caliber Derringer unknowingly. Mr. Wooster additionally testified he
underwent extensive firearms safety training while in the military, and prior to April 20, 2004,
took a concealed handgun license course, where he learned of the places where carrying a
handgun is prohibited. Furthermore, the jury was able to evaluate and touch the weapon when it
was introduced into evidence at trial, potentially determining that it was not an item that could be
carried unknowingly. Accordingly, after examining all the evidence in the light most favorable
to the judgment, we conclude a rational trier of fact could have determined the evidence
presented was sufficient to demonstrate that Mr. Wooster was aware he possessed the gun at the
time of entering the district clerk's office; the jury could infer that he acted intentionally,
knowingly, or recklessly when he walked in the district clerk's office carrying a gun in his
pocket.

 As the evidence is legally sufficient, we hold that the trial court did not err by denying
Mr. Wooster's motion for directed verdict.

Factual Sufficiency

 Appellant also contends the evidence is legally or factually insufficient to sustain his
conviction because the evidence failed to prove his guilt beyond a reasonable doubt. However,
in his brief, he simply combines the arguments for his point on legal sufficiency with that on
factual sufficiency, which are usually addressed separately. See McDuff v. State, 939 S.W.2d
607, 613 (Tex.Crim.App. 1997). Although Appellant claims to be challenging both the legal and
factual sufficiency of the evidence, he does not state the factual sufficiency standard of review
and provides no separate argument to support a factual insufficiency challenge. See also Clewis,
922 S.W.2d at 133; White v. State, 890 S.W.2d 131, 139 (Tex.App.--Texarkana 1994, pet. ref'd). 
Because Appellant has failed to provide any citation to authorities or argument to support his
factual insufficiency claim, it has not been properly raised and he has waived the issue for
appellate review. See Tex.R.App.P. 38.1(h); McDuff, 939 S.W.2d at 613 (appellant who merely
states an incomplete standard of review and presents no argument in the brief has waived his
factual sufficiency claim by insufficient briefing).

 Even had Mr. Wooster properly raised the issue of factual sufficiency before this Court,
the jury verdict is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Deputy Rush saw Mr. Wooster enter the district clerk's office. Sue Blackley
was with Appellant until he exited the office, at which point Sheriff Bailey and Deputy Rush
approached him. Moments later, after Mr. Wooster did not comply with the officers and
attempted to enter his vehicle, he was arrested on the outstanding warrant. A loaded pistol was
found in Mr. Wooster's front pant pocket. Sheriff Bailey stated that there was no possibility for
Appellant to retrieve the gun from his vehicle after he exited the district clerk's office and before
his arrest. The jury's verdict is simply not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Because the evidence is both legally and factually
sufficient, Appellant's first and second issues are overruled.

 In Issue Three, Appellant complains of ineffective assistance of counsel. Specifically,
Appellant raises the following instances of alleged deficient performance by counsel: (1)
waiving a record of voir dire; (2) failing to exclude extraneous offenses; (3) failing to request an
instructed verdict at the close of evidence; (4) failing to poll the jury; (5) failing to advise
Appellant of his right to request a new trial; (6) failing to object to the initial jury instructions on
witness credibility; and (7) failing to establish post-trial contact with jurors.

 We apply a two-step analysis articulated by the United States Supreme Court in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by
Texas in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) to review claims of
ineffective assistance of counsel.

 Under Strickland, the appellant must first demonstrate trial counsel's representation fell
below an objective standards of reasonableness under prevailing professional norms, guaranteed
by the Sixth Amendment. Strickland, 466 U.S. at 687-88, 104 S.Ct. 2064; Thompson v. State, 9
S.W.3d 808, 812 (Tex.Crim.App. 1999). Counsel's competence is presumed, and the appellant
must rebut this presumption by identifying the acts or omissions of counsel that are alleged as
ineffective assistance, affirmatively proving that such acts and omissions fell below the
professional norm of reasonableness. See Strickland, 466 U.S. at 695, 104 S.Ct. at 2068-69. 
The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's
representation, but will judge the claim based on the totality of the representation. Id.

 Secondly, the appellant must show that counsel's deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2064; Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994). To establish prejudice, an appellant must show there is a reasonable
probability that, but for counsel's deficient performance and unprofessional errors, the result of
the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068;
Jackson, 877 S.W.2d at 771. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d
at 771. The alleged deficiencies of counsel must be supported by the record. See Johnson v. 
State, 691 S.W.2d 619, 626-27 (Tex.Crim.App. 1984), cert. denied, 474 U.S. 865, 106 S.Ct. 184,
88 L.Ed.2d 152 (1985).

 It is the defendant's burden to prove ineffective assistance of counsel by a preponderance
of the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). In reviewing a
claim of ineffective assistance of counsel, we must indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance and the appellant must
overcome the presumption that the challenged conduct might be considered sound trial strategy. 
Thompson, 9 S.W.3d at 813; Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Our review of trial
counsel's performance must be highly deferential and every effort must be made to eliminate the
distorting effects of hindsight. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Stafford v. State,
813 S.W.2d 503, 506 (Tex.Crim.App. 1991).

 Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated
in the record to overcome this presumption. Thompson, 9 S.W.3d at 813; see Jackson, 877
S.W.2d at 771. In most instances, this task is very difficult because the record on direct appeal is
undeveloped and cannot abundantly reflect the failings of trial counsel. Thompson, 9 S.W.3d at
813-14. If trial counsel's strategy is not discussed in the record, we will not speculate as to the
reasons for counsel's specific actions. Jackson, 877 S.W.2d at 771. Therefore, when the record
contains no evidence of the reasoning behind trial counsel's actions, counsel's performance
cannot be concluded as deficient. Rylander v. State, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 
2003). Only when the conduct is so outrageous that no competent attorney would have engaged
in it, should it be challenged as ineffective assistance. Garcia v. State, 57 S.W.3d 436, 440
(Tex.Crim.App. 2001); Thompson, 9 S.W.3d at 813.

 We have no explanation for counsel's actions. In the absence of a record identifying what
trial counsel's reasons may have been for pursuing a chosen course, we presume the actions were
part of sound trial strategy. Garcia, 57 S.W.3d at 440. Because we are unable to conclude that
counsel's performance fell below an objective standard, Appellant has failed to satisfy the first
prong of Strickland.

 Initially, Appellant contends trial counsel was ineffective for waiving the record of voir
dire. Appellant does not point to any error that occurred during jury selection. The only
statement Appellant makes is that voir dire is considered to be one of the most crucial stages to
assure a fair trial for an accused party. He cites no cases, nor have we located any, that support
his contention that counsel was ineffective for failing to make a voir dire record. Furthermore,
the two cases identified in the Appellant's brief explicitly state that failure to request the
recording of voir dire does not constitute ineffective assistance per se. Ybarra v. State, 890
S.W.2d 98, 112 (Tex.App.--San Antonio 1994, pet. ref'd); Lopez v. State, 838 S.W.2d 758, 760
(Tex.App.--Corpus Christi 1992, no pet.). Here, no specific error is alleged to have occurred
during voir dire. Hence, the record does not establish ineffective assistance of counsel.

 Appellant next argues his trial counsel rendered ineffective assistance by opening the
door to extraneous offense evidence. The record reflects counsel questioned Mr. Wooster about
his previous arrests. The following exchange occurred between Mr. Wooster and his defense
attorney:

 Q. Ever been arrested for a felony before?


 A. Negative.


 Q. Ever been convicted before?


 A. Negative.


 Q. Ever been arrested before?


 A. Negative. Correction, correction; yes, I was arrested. In April 2003, after
I had a wreck on my way to church in Alpine. I rolled my Dooley and I
was arrested after I was seen at the hospital.


 Q. Arrested for what?


 A. I had just completed, I believe one week prior, the concealed carry
handgun class in Alpine; not with Mr. Henry Ogletree, but the other
gentleman. And I had the Penal Code with me and I realized that I was --
you know, what the law offered me was also they could prosecute me; and
on the other hand, it was my protection.


 Q. What were you arrested for?


 A. Because I had my Torres pistol on the dashboard.


 Q. So you were arrested for carrying a weapon?


 A. Yes, sir.


 Q. What happened to that charge?


 A. Dismissed.


 Q. Okay. You haven't ever been prosecuted for that?


 A. No, sir.


 Based on the record, it could be inferred that counsel did not know about Mr. Wooster's
prior arrest before questioning him on the stand. Mr. Wooster's failure to inform trial counsel of
his past arrests could hardly indicate counsel was ineffective at a time he tried to introduce and
establish Mr. Wooster's good character to the jury. His counsel also did not bring up the offense,
and was trying to downplay its significance upon learning of such occurrence by establishing that
the charge was later dismissed.

 Appellant asserts that his counsel's failure to present a motion in limine and prevent the
State from introducing extraneous offenses constituted ineffective assistance. He states that
counsel erred in not objecting to the State's questioning regarding whether Mr. Wooster had the
gun on his person when he attended the welding class at Sul Ross State University. We examine
this requirement under Rule 403 and Rule 404(b). Rule 403 allows the admission of all relevant
evidence unless the probative value is substantially outweighed by the danger of unfair prejudice. 
Tex.R.Evid. 403. Virtually all evidence proffered by a party to a lawsuit will be prejudicial to
the opposing party. Montgomery v. State, 810 S.W.2d 372, 378 (Tex.Crim.App. 1990). Only
"unfair" prejudice provides the basis for exclusion of relevant evidence. Id. Even if the
extraneous offense evidence was prejudicial to Mr. Wooster and counsel had raised a Rule 403
objection, the trial court likely would have found that the probative nature of this evidence
substantially outweighed its prejudicial effect. Because Mr. Wooster's defense was based on his
state of mind at the time of the offense, the extraneous offenses of carrying a weapon on several
prior occasions would likely have been determined admissible to show intent, knowledge, and
lack of mistake. Appellant has not shown that, but for any error on the part of his trial counsel in
failing to raise this objection, the fact finder would have had a reasonable doubt regarding guilt.

 Appellant also argues trial counsel was ineffective because he failed to present a motion
for instructed verdict at the close of all evidence. Appellant's counsel made a motion for directed
verdict at the close of the State's case-in-chief, arguing that the State has failed to prove intent,
knowledge, or recklessness, as required by the statute. The trial court denied the motion after the
State declined to respond.

 It is clear that the trial judge considered the evidence at the close of the State's
presentation of its case and found the State's proof was sufficient for the jury to find
Mr. Wooster guilty. Nothing in the record indicates that if made at the close of all the evidence,
the court would not have overruled the motion again. Moreover, as discussed in the previous
section, we held Mr. Wooster's conviction is supported by legally sufficient evidence, and,
therefore, his attorney had a reasonable basis for concluding that it was unnecessary to move for
a directed verdict a second time. See also Williams v. State, 937 S.W.2d 479, 482
(Tex.Crim.App. 1996)(failure to grant motion for directed verdict reviewed under legal
sufficiency standard); Gill v. State, 111 S.W.3d 211, 217 (Tex.App.--Texarkana 2003, no pet.)(if
State introduces more than scintilla of evidence to support conviction, then defense counsel's
failure to move for directed verdict is not ineffective assistance of counsel). Because
Mr. Wooster has not submitted evidence showing that the result of his trial would have been
different if his attorney had moved for an instructed verdict, he has failed to show his counsel
was ineffective.

 Mr. Wooster also contends trial counsel was inadequate for failing to poll the jury. 
However, requesting that the jury be polled is not mandatory. This record does not reveal any
need for polling, and we do not perceive any error by counsel for declining to do so. See
generally Tex.Code Crim.Proc.Ann. arts. 37.04, 37.05 (Vernon 2006). (1)

 Appellant next asserts that his counsel failed to advise him of his right to request a new
trial. Reasonable professional assistance includes the possibility that counsel's decision not to
file a motion for new trial was because, in his professional opinion, he believed that such action
was not warranted. See Smith v. State, 17 S.W.3d 660, 663 (Tex.Crim.App. 2000). We will not
speculate as to why Mr. Wooster's counsel did not discuss the possibility of filing a motion for a
new trial or decided not to file the motion after advising his client. There is no record to show
that defendant was not counseled by trial attorney regarding merits of a motion for new trial. 
Moreover, Mr. Wooster did not indicate any new grounds for which the new trial would have
been granted if requested. Mr. Wooster failed to establish the harm caused by not requesting a
new trial, and therefore, has not overcome the presumption that his trial counsel provided
adequate assistance. See Strickland, 466 U.S. at 693-97, 104 S.Ct. at 2067-69.

 Mr. Wooster also asserts counsel provided ineffective assistance when he failed to object
to the language in the trial court's initial instructions to the jury's determination regarding
witness credibility. The trial judge instructed the jury regarding the witness credibility as
follows:

 It is important for you to understand that you are the sole judges of the
credibility of the witnesses and the weight to be given their testimony. That
means you decide how much credibility that you want to give to a witness,
whether it's a lot, none, or whether you want to disregard it. That's entirely up to
you. That's the province of the jury and that's why we have you here. That's
your job in this case.


 Appellant argues the repetition of words "none" and "disregard" could have been
confusing to the jury. According to Strickland, in order to prevail on an ineffective assistance of
counsel claim an individual must show that the attorney's failure to object to the jury charged fell
below an objective standard of reasonableness thereby causing prejudice. See Strickland, 466
U.S. at 693-97, 104 S.Ct. at 2067-69. Mr. Wooster has failed to meet the two-prong test set out
in Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. He did not show that counsel's
failure to object to the jury instruction was outside the reasonable professional assistance. Id. at
689, 104 S.Ct. at 2065. Additionally, Mr. Wooster did not meet the burden of proof under the
second prong showing any evidence that even if his trial counsel's conduct was "professionally
unreasonable," it resulted in a deficiency of his trial counsel's performance and prejudiced the
defense. Id.

 Lastly, Mr. Wooster contends trial counsel rendered ineffective assistance when he failed
to establish post-trial contact with jurors. According to Rule 606(b), a juror may not testify as to
any matter or statement occurring during the jury's deliberations upon an inquiry into the validity
of a verdict unless information exists about outside influence upon a juror or the juror's
qualifications to serve. Tex.R.Evid. 606(b). Nothing in the record shows that such
circumstances existed in this case. Additionally, this part of the issue is insufficiently briefed and
presents nothing for review. Therefore, we cannot conclude that Appellant's trial counsel's
representation fell below an objective standard of reasonableness for failing to contact the jury
after their deliberations. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

 In his final contention, Appellant asserts that his trial counsel's cumulative errors
amounted to ineffective assistance. Because we find that Appellant has failed to demonstrate that
his trial counsel's performance was deficient on any ground, there can be no cumulative error or
harm. Accordingly, we conclude Mr. Wooster's ineffective assistance claims fail since he has
not rebutted the strong presumption that his counsel's conduct falls within a wide range of
reasonable professional assistance. Thompson, 9 S.W.3d at 813. Issue Three is overruled.

 Having overruled all of Appellant's issues for review, we affirm the trial court's
judgment.


August 16, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Tex.Code Crim.Proc.Ann. art. 37.04 states:


 When the jury agrees upon a verdict, it shall be brought into court by the
proper officer; and if it states that it has agreed, the verdict shall be read aloud by
the judge, the foreman, or the clerk. If in proper form and no juror dissents
therefrom, and neither party requests a poll of the jury, the verdict shall be entered
upon the minutes of the court.


 Tex.Code Crim.Proc.Ann. art. 37.05 states:


 The State or the defendant shall have the right to have the jury polled,
which is done by calling separately the name of each juror and asking him if the
verdict is his. If all, when asked, answer in the affirmative, the verdict shall be
entered upon the minutes; but if any juror answer in the negative, the jury shall
retire again to consider its verdict.