**Opinion issued October 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00281-CR

## NO. 01-13-00282-CR

————————————

**CHARLES EDWARD HORTON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 258th District Court
Polk County, Texas
Trial Court Case No. 22,490

## MEMORANDUM OPINION

A jury found appellant Charles Edward Horton, Jr. guilty of two felony offenses: aggravated sexual assault and indecency with a child.[1] The jury assessed appellant's punishment at 99 years in prison for the aggravated-sexual-assault offense and at 20 years in prison for the indecency-with-a-child offense, with the sentences to be served concurrently. Presenting the same issue in each appeal, appellant contends that he received ineffective assistance of counsel at trial.[2]

We affirm the judgment of conviction in each appeal.

### Background Summary

On September 11, 2011, eight-year-old C.H. told her mother, Christina, that appellant, who is C.H.'s father, had sexually abused her on two occasions. C.H. told her mother that the first incident of abuse occurred while C.H. was living with her paternal grandparents from September 2008 until November 2010. C.H. told Christina that appellant had rubbed his penis on her bottom.

C.H. told her mother that the second incident of sexual abuse occurred in 2010 while C.H. was staying overnight at the trailer of appellant's girlfriend. C.H. told her mother that appellant had forced her to perform oral sex on him.

---

[1]   *See* TEX. PENAL CODE ANN. § 22.021 (Vernon 2011) (aggravated sexual assault), § 21.11 (Vernon 2011) (indecency with a child).

[2]   This appeal, originally filed in the Ninth Court of Appeals, Beaumont, Texas, was transferred to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013).

The day after C.H. made her outcry, Christina contacted the sheriff's department to report the sexual abuse. As part of the investigation, C.H. underwent a forensic evaluation during which she told the evaluator that appellant had inserted his penis in her vagina. C.H. stated that this occurred while she was staying at the trailer of her father's girlfriend. C.H. also told the evaluator that, on another occasion, appellant had forcibly lain on top of her and "moved up and down." She said that she and appellant were clothed during the incident. C.H. stated that this had occurred at her grandmother's house. C.H. also told the evaluator that she had been afraid to report the abuse because appellant had threatened to kill her and anyone she told about it.

C.H. also underwent a sexual assault medical examination by a nurse. During the examination, C.H. told the nurse that appellant had "raped me." The nurse's notes from the examination stated that C.H. had indicated that appellant had inserted his penis into her vagina three different times. The notes reflected that C.H. had said that appellant told her that he would kill anyone that she told about the abuse.

The medical records from the examination indicate that the nurse saw no physical trauma on C.H. The nurse observed that C.H.'s hymen was slightly irregular, which may, or may not, have been a result of sexual abuse; however, the

3

examining nurse indicated that she was unable to determine whether the abnormality was caused by sexual abuse.

In a three-count indictment, appellant was charged with two counts of aggravated sexual assault and one count of indecency with a child. The first count asserted that appellant had "intentionally or knowingly cause[d] the penetration of the female sexual organ of [C.H.], a child younger than 14 years of age . . . by inserting his male sexual organ into [C.H.'s] female sexual organ." The second count alleged that appellant had "intentionally or knowingly cause[d] the penetration of the mouth of [C.H.], a child younger than 14 years of age . . . with [his] sexual organ . . . ." The third count in the indictment stated that appellant committed the offense of indecency with a child by "intentionally, with the intent to arouse or gratify [his] sexual desire, engage[d] in contact with [C.H.], a child younger than 17 years of age . . . by causing [C.H.] to touch any part of [his] genitals."

At trial, C.H. testified that, while she lived with her grandparents, appellant had penetrated her vagina with his penis on two occasions and had also rubbed her bottom with his penis. She also testified that, when she was sleeping at the trailer of appellant's girlfriend, appellant had penetrated her vagina with his penis. C.H. also stated that appellant had placed his penis inside her mouth.

Besides C.H., the State offered the testimony of C.H.'s mother, the investigating sheriff's deputy, and the forensic evaluator. The State also introduced testimony regarding C.H.'s sexual assault examination.

The defense called six witnesses to testify during the guilt-innocence phase. Among these witnesses was appellant's girlfriend who owned the trailer where C.H. claimed that appellant had sexually assaulted her. The girlfriend testified that the trailer was a small-one room camper. She stated that she was always present when C.H. spent the night. The girlfriend testified that she did not see appellant engage in any sexual contact with C.H.

Appellant's father also testified. He testified that he did not believe that C.H. had been sexually assaulted by appellant during the two years that C.H. lived with him and his wife. Appellant's father stated that appellant was never alone with C.H., and he did not believe that C.H. was telling the truth about the abuse. Appellant's siblings also testified that they had not seen appellant engage in any sexual contact with C.H.

The jury found appellant guilty of the first count of aggravated sexual assault premised on the allegation that appellant had intentionally or knowingly penetrated C.H.'s vagina with his penis. The jury found appellant not guilty of the second count of aggravated sexual assault, which was based on the allegation that appellant had intentionally or knowingly penetrated C.H.'s mouth with his penis.

The jury found appellant guilty of the third count in the indictment, the offense of indecency with a child. The jury assessed appellant's punishment at 99 years in prison for the aggravated-sexual-assault offense and at 20 years in prison for the indecency-with-a-child offense, to be served concurrently.

Appellant did not file a motion for new trial with regard to either conviction. These two appeals followed.

## Ineffective Assistance of Counsel

In each appeal, appellant raises one issue, complaining that he received ineffective assistance of counsel at the punishment hearing.

## A.    Applicable Legal Principles

To prevail on an ineffective assistance of counsel claim, an appellant typically must show by a preponderance of the evidence both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams*, 301 S.W.3d at 687; *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

To show deficient performance, an appellant must demonstrate that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064;

6

*Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). In our review, we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). We must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "[T]he record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.* at 143.

To show sufficient prejudice, the appellant must show the existence of a reasonable probability that, but for his attorney's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lane*, 303 S.W.3d at 707. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

## B. Analysis

Appellant first asserts that counsel's performance was deficient because counsel did not subpoena and call certain witnesses to testify. During pretrial conference, counsel had mentioned that he intended to subpoena a number a witnesses, which were never called during trial.

The "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *see Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Appellant fails to demonstrate whether these witnesses were available, how the witnesses' testimony was admissible, or how it would have been beneficial. In other words, appellant has shown neither deficient performance by his counsel nor a reasonable probability that the results of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064.

Appellant also contends that his counsel's performance was deficient because his counsel filed a number of pretrial motions for which he never obtained rulings. However, an appellant fails to establish ineffective assistance of counsel when he makes no showing that a ruling on pretrial motions would have changed anything in the proceeding. *See Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993) (holding that, without a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the proceeding, counsel is not ineffective for failing to assert the motion). Here, appellant makes no showing that any of the motions on which counsel obtained no ruling had merit or that the results of the proceeding would have been different had

8

he obtained a favorable ruling on any of them. To the contrary, in his brief, appellant admits that "[i]t is difficult in this stage of the proceeding to determine whether the result of the trial would have been different had counsel acted reasonably in disposing of his pretrial motions."

Appellant also points out that counsel did not make a motion for instructed verdict following the close of the State's case. The failure to move for an instructed verdict cannot provide the basis for a claim of ineffective assistance of counsel if the State produced more than a scintilla of evidence supporting a guilty verdict. *See Gill v. State*, 111 S.W.3d 211, 217 (Tex. App.—Texarkana 2003, no pet.). Here, given the testimony of C.H., the State presented more than a scintilla of evidence to support appellant's convictions for the offenses of aggravated sexual assault and indecency with a child. The testimony of a child complainant alone is sufficient to support a conviction for both aggravated sexual assault and indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2012).

Next, appellant contends that he was prejudiced in his defense because his "counsel made very few objections for a trial of this complexity and length." We recognize that a failure to object to inadmissible evidence may constitute a sound and plausible trial strategy. *See Thomas v. State*, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). In addition, appellant does not point to any specific place in the record in which his counsel failed to make a

9

meritorious objection. For this reason, appellant has not shown how his counsel's performance was deficient or how any specific failure to object prejudiced his defense.

Finally, appellant contends animosity existed between him and his trial counsel, which prejudiced him. As an example, appellant claims that he advised his counsel during voir dire that he knew a venire member from high school and that the venire member bore a grudge against appellant for past transgressions. Appellant points out that the venire member was seated on the jury and served as jury foreperson.

Appellant further claims that he "tried to fire his attorney" but was not permitted to do so. Despite these contentions, appellant acknowledges that the record is silent with respect to these issues. He further acknowledges "this is a matter better taken up in a post appellate writ proceeding." *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ("A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

We hold that appellant has not shown by a preponderance of the evidence that he received ineffective assistance of counsel at trial. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

We overrule appellant's sole issue in each appeal.

## Conclusion

We affirm the judgment of the trial court convicting appellant of count one, aggravated sexual assault, and of count three, indecency with a child.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).

11